IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO R. CUARA,<br><br>                    Plaintiff,<br>v.<br><br>PENTAGON, et al.,<br><br>                    Defendants. | ORDER GRANTING IFP AND RECOMMENDATION FOR DISMISSAL<br><br>Case No. 2:23-cv-00525-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Constantino Cuara R.'s (Plaintiff) application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF 1). Independent of Plaintiff's application, and pursuant to Local Rule 3-2(b), the undersigned recommends that the court dismiss the complaint as frivolous and for failing to state a claim upon which relief may be granted.[1]

**I.      Motion to Proceed Without Prepayment of Fees**

Plaintiff asks the court to allow him to proceed with his action without paying the required filing fee and other costs associated with litigation (commonly called proceeding in forma pauperis or IFP). The court may grant the plaintiff's request if he or she submits an affidavit describing their assets and the court finds that he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation and still "be able to provide [himself and his dependents] with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations emitted). As part of its evaluation under the statute, the court must also consider the

---

[1] Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

viability of his claims. If the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Plaintiff's IFP application, the court finds he lacks the resources to pay the costs associated with this litigation. Therefore, the motion to proceed IFP will be granted.

**II.     The Complaint is frivolous and fails to state a claim upon which relief may be granted.**

On receipt of an IFP application, a magistrate judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(b). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id. See also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless" a classification encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint fails to state a claim upon which relief may

be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Plaintiff's pleading contains a host of unclear accusations against the Pentagon, the United States Army, the United States Marshals, and the United States Citizenship and Immigration Service (USCIS) (collectively, Defendants). These include causes of action for "major fraud against the United States of America," "fraud of computers," "pyramid scheme promotional scheme," and for federal crimes of "securities and commodities fraud," treason, human trafficking, and RICO charges (ECF 1 at 4). These are not cognizable claims for relief in a civil action. On his Civil Case Cover Sheet, Plaintiff indicated the basis for his suit is 42 U.S.C. §§ 1983, 1985 (ECF 2-3). The complaint also references the Hatch Act, 5 U.S.C. §§ 7323, 7324 (ECF 2 at 3). However, the complaint centers on baseless assertions of violations of rights without any intelligible factual allegations supporting the claims. The complaint appears to be based on Plaintiff's fanciful assertion that he is "the owner of all trademarks of United States and global network, federal and states entities," and he complains of "heredatary [sic] blood, malicious and misconduct" (*id.*). There is no interpretation of these assertions that even under the most liberal construction possibly afforded a pro se plaintiff by which the court can decipher a cognizable claim. The complaint thus fails to provide any factual content that allows the court to reasonable infer that Defendants are liable for any misconduct.

For these reasons, the court should dismiss Plaintiff's complaint as frivolous and for failing to state a claim upon which relief may be granted.

## ORDER AND RECOMMENDATION

For the foregoing reasons, the court GRANTS the application to proceed without prepayment of fees. In addition, consistent with DUCivR 3-2(b) and under 28 U.S.C. § 1915(e), the undersigned RECOMMENDS that Plaintiff's complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 August 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah